IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M.L.M.J.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, et al.,<br><br>Respondents. | Civil No. 1:26-cv-07092-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 246-005-458 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose M.L.M.J.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the United States without inspection in November 2022. Dkt. No. 6-1, at pg. 3. Immigration authorities initially detained Petitioner, but they released him under an order of release on recognizance in December 2022, Dkt. No. 2-9, at pgs. 2–6, and initiated removal proceedings against him, Dkt. No. 2-8, at pgs. 2–4. Immigration authorities re-detained Petitioner when he reported to a U.S. Immigration and Customs Enforcement office in San Francisco, California on August 7, 2026. Dkt. No. 6-1, at pg. 2.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. Dkt. No. 1, at pgs. 15–16. This court and many other district judges have granted relief in cases where non-citizens previously released on their own recognizance were re-detained without any pre-deprivation process. *See, e.g.*, *Kallebe C.F.L v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025).

The court called on Respondents to address whether "there are any factual or legal issues in this case that render it distinguishable from prior cases such as the ones listed above." Dkt. No. 5. The court appreciates Respondent's timely response. Dkt. No. 6. Although Respondents maintain that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), they acknowledge that the Ninth Circuit has rejected this argument for someone in Petitioner's position. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

Respondents also argue that this case is different from those cited by the court because of "unresolved factual issues" associated with an April 1, 2025, Interpol Red

Notice. Dkt. No. 6, at pg. 2. That notice states that Petitioner has been charged in Peru with "aggravated theft" as a "repeat offender" based on events that allegedly occurred in September 2014. Dkt. 6-2, at pg. 1. The Interpol Red Notice, without more, however, does not excuse the denial of pre-deprivation process.

"Ordinarily, the government must provide pre-deprivation notice before depriving an individual of . . . a liberty interest." *Sarvan S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06470-MWJS, 2026 WL 2450128, at *2 (E.D. Cal. Aug. 20, 2026). "When pre-deprivation process is both feasible and required, a later post-deprivation hearing does not cure the constitutional defect." *Norberto C.M. v. Warden, Cent. Valley Annex*, No. 1:26-cv-04674-MWJS, 2026 WL 1992747, at *5 (E.D. Cal. July 9, 2026).

Nothing in the current record suggests that affording Petitioner a hearing before his August 2026 arrest was impracticable. There is no suggestion, for example, that immigration officials raced to take Petitioner into custody when the Interpol Red Notice was issued in April 2025—that is, more than a year and four months before Petitioner's eventual arrest. *See Jose Antonio G.S. v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv-04677-MWJS, 2026 WL 2023260, at *2 (E.D. Cal. July 13, 2026). And even if the Interpol Red Notice did render this case distinguishable from those cases cited in the court's order to show cause, this court has consistently granted relief in cases with comparable facts. *See, e.g.*, *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-

cv-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026); *Francisco V.E. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-04215-MWJS, 2026 WL 1656113 (E.D. Cal. June 8, 2026); *Vikrant S. v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to the Second Claim for Relief, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other claims for relief in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Jose M.L.M.J. (A# 246-005-458) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the

community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Considering the foregoing, Petitioner's motion for temporary restraining order, Dkt. No. 2, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: September 16, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge